UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Zurich American Insurance Group, | ) | |
| insurer of Straight Creek Coal | ) | |
| Resources, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Petition for Review |
| v. | ) | |
| | ) | Agency Nos.:    2016-0327 BLA |
| Director, OWCP and Joanna Duncan, | ) | 2016-0358 BLA |
| widow of and on behalf of Raymond | ) | |
| Duncan | ) | |
| | ) | |
| Respondents. | ) | |

**PETITION FOR REVIEW**

Zurich American Insurance Group hereby petitions the court for review of the Order of the Benefits Review Board entered on the 24th day of April, 2017. A copy of the Board's decision is attached. Petitioner asks this Court to vacate, reverse and/or remand the Board's decision awarding benefits to the Respondent.

Respectfully submitted,

Cheryl L. Intravaia
Attorney for Petitioner
Feirich/Mager/Green/Ryan
2001 W. Main Street
P.O. Box 1570
Carbondale, IL 62903
Telephone:  618-529-3000
Facsimile:  618-529-3008
Email:        cintravaia@fmgr.com

**U.S. Department of Labor**        Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



BRB Nos. 16-0327 BLA
and 16-0328 BLA

JOANNA DUNCAN                          )
(Widow of and on behalf of             )
RAYMOND DUNCAN)                        )
                                       )
    Claimant-Respondent          )
                                       )    **NOT-PUBLISHED**
    v.                           )
                                       )
STRAIGHT CREEK COAL RESOURCES          )
                                       )    DATE ISSUED: 04/24/2017
    and                          )
                                       )
ZURICH AMERICAN INSURANCE              )
GROUP                                  )
                                       )
    Employer/Carrier-            )
    Petitioners                  )
                                       )
DIRECTOR, OFFICE OF WORKERS'           )
COMPENSATION PROGRAMS, UNITED          )
STATES DEPARTMENT OF LABOR             )
                                       )
    Party-in-Interest            )    DECISION and ORDER

Appeal of the Decision and Order Awarding Benefits of Scott R. Morris,
Administrative Law Judge United States Department of Labor.

Cheryl L. Intravaia (Feirich/Mager/Green/Ryan), Carbondale, Illinois, for
employer/carrier.

Ann Marie Scarpino (Nicholas C. Geale, Acting Solicitor of Labor; Maia Fisher, Associate Solicitor; Michael J. Rutledge, Counsel for Administrative Litigation and Legal Advice), Washington, D.C., for the Director, Office of Workers' Compensation Programs, United States Department of Labor.

Before:   HALL, Chief Administrative Appeals Judge, GILLIGAN and ROLFE, Administrative Appeals Judges.

PER CURIAM:

Employer/carrier (employer) appeals the Decision and Order Awarding Benefits (2010-BLA-05560, 2012-BLA-05573) of Administrative Law Judge Scott R. Morris, rendered on a miner's claim[1] and a survivor's claim[2] filed pursuant to provisions of the Black Lung Benefits Act, as amended, 30 U.S.C. §§901-944 (2012) (the Act).  In the miner's claim, the administrative law judge determined that the claim was timely filed and found that the miner had over fifteen years of coal mine employment, either underground or in conditions substantially similar to those in an underground mine.  The parties stipulated that the miner had a totally disabling respiratory impairment at 20 C.F.R. §718.204(b)(2).  Therefore, the administrative law judge invoked the rebuttable presumption of total disability due to pneumoconiosis set forth in Section 411(c)(4) of the Act, 30 U.S.C. §921(c)(4) (2012).[3]  The administrative law judge further found that employer did not rebut the presumption and awarded benefits accordingly.  Based on the award of benefits in the miner's claim, the administrative law judge determined that

---

[1] The miner filed this claim for benefits on May 28, 2009.  Director's Exhibit 2. The miner died on August 29, 2011, while his claim was pending.  Claimant's Exhibit 1.

[2] Claimant, the miner's widow, filed her claim for survivor's benefits on October 24, 2011.  Director's Exhibit 52.  The miner's and survivor's claims were consolidated by the district director and claimant was acknowledged as pursuing the miner's claim on the miner's behalf.  Director's Exhibit 58.

[3] Under Section 411(c)(4) of the Act, a miner's total disability is presumed to be due to pneumoconiosis if he or she had at least fifteen years of underground coal mine employment, or coal mine employment in conditions substantially similar to those in an underground mine, and a totally disabling respiratory or pulmonary impairment.  30 U.S.C. §921(c)(4) (2012), as implemented by 20 C.F.R. §718.305(b).

2

claimant is automatically entitled to survivor's benefits pursuant to Section 422(l) of the Act, 30 U.S.C. §932(l) (2012).[4]

On appeal, employer argues that the administrative law judge erred in finding that the miner's claim was timely filed and that the miner's above-ground coal mine employment was substantially similar to his underground coal mine employment. Consequently, employer asserts that the administrative law judge erred in finding that claimant invoked the rebuttable presumption at Section 411(c)(4). Employer also contends that the administrative law judge erred in finding that it did not rebut the presumed existence of legal pneumoconiosis and the presumed causal connection between pneumoconiosis and the miner's total disability. Claimant has not filed a response brief in this appeal. The Director, Office of Workers' Compensation Programs (the Director), filed a limited brief, indicating that the administrative law judge applied the appropriate legal standard in assessing whether the miner's above-ground coal mine employment occurred in conditions substantially similar to those in underground mining. The Director further maintains that the administrative law judge permissibly rejected Dr. Westerfield's opinion concerning rebuttal of the presumed existence of legal pneumoconiosis as inconsistent with the regulations.[5]

The Board's scope of review is defined by statute. The administrative law judge's Decision and Order must be affirmed if it is rational, supported by substantial evidence, and in accordance with applicable law.[6] 33 U.S.C. §921(b)(3), as incorporated into the Act by 30 U.S.C. §932(a); *O'Keeffe v. Smith, Hinchman & Grylls Associates*, Inc., 380 U.S. 359 (1965).

---

[4] Under Section 422(l) of the Act, a survivor of a miner who was eligible to receive benefits at the time of his or her death is automatically entitled to survivor's benefits without having to establish that the miner's death was due to pneumoconiosis. 30 U.S.C. §932(l) (2012); Mathews v. United Pocahontas Coal Co., 24 BLR 1-193, 1-200 (2010).

[5] We affirm, as unchallenged on appeal, the administrative law judge's finding that the miner had a totally disabling respiratory impairment at 20 C.F.R. §718.204(b)(2). See Skrack v. Island Creek Coal Co., 6 BLR 1-710, 1-711 (1983).

[6] The record reflects that the miner's coal mine employment was in Kentucky. Director's Exhibit 3. Accordingly, this case arises within the jurisdiction of the United States Court of Appeals for the Sixth Circuit. See Shupe v. Director, OWCP, 12 BLR 1-200, 1-202 (1989) (en banc).

3

I.      **The Miner's Claim**

A.      **Timeliness of the Claim**

Pursuant to Section 422(f) of the Act, "[a]ny claim for benefits by a miner . . . shall be filed within three years after . . . a medical determination of total disability due to pneumoconiosis . . . ." 30 U.S.C. §932(f).  The implementing regulation, set forth at 20 C.F.R. §725.308, requires that the medical determination have "been communicated to the miner or a person responsible for the care of the miner," and further provides a rebuttable presumption that every claim for benefits is timely filed.  20 C.F.R. §725.308(a), (c).  To rebut the presumption of timeliness, employer must show, by a preponderance of the evidence, that the claim was filed more than three years after a medical determination of total disability due to pneumoconiosis was communicated to the miner.  30 U.S.C. §932(f); 20 C.F.R. §725.308(a); see Peabody Coal Co. v. Director, OWCP [Brigance], 718 F.3d 590, 594-95, 25 BLR 2-273, 2-282 (6th Cir. 2013); Tennessee Consol. Coal Co. v. Kirk, 264 F.3d 602, 607, 22 BLR 2-288, 2-296 (6th Cir. 2001).  In the current case, the administrative law judge found that employer did not meet its burden of rebutting the presumption that the miner timely filed his claim for benefits.  Decision and Order at 6-7.

Relying on claimant's testimony at the hearing, employer argues that although claimant was unsure of the actual date that a medical determination of total disability due to pneumoconiosis was communicated to the miner, either date she provided, 1997 or 2000, would be more than three years before the miner filed his claim for benefits in 2009.  Employer asserts that the administrative law judge erred in relying on the miner's medical records as evidence that it failed to rebut the presumption of timeliness because there is no requirement that the medical determination appear in the record.  Employer's allegations of error do not have merit.

At the hearing, the following exchange occurred between claimant, the administrative law judge, and employer's counsel:

Judge Morris:  All right.  Did any of the doctors to your knowledge tell him that he was totally disabled because he had black lung?

Claimant:  Yes, the [Veteran's Administration] would tell him and Dr. C.A. Moore would tell him that.

Judge Morris:  And when did that occur?

Claimant:  Before we got married, probably I'm trying to think, probably in 2000.

4

. . .

Judge Morris: Okay. Were you present when the doctor told him he was totally disabled because of black lung?

Claimant: Yes, Dr. C.A. Moore would tell us. They didn't diagnose him as totally disabled with the black lung. He was totally disabled because of his knee that he got ---

Judge Morris: So, he had other problems besides his ---

Claimant: Yes, yes. It was not just that. Like I said, they said it was a combination of everything.

Judge Morris: Okay. So, my specific question is did any doctor tell you that he was totally disabled because of ---

Claimant: No, not because of that, no.

. . .

[On cross-examination by employer's counsel:]

Employer's counsel: You said it was 1997, the first doctor who told you that [the miner] was totally disabled and that involved his leg. Do you recall the first time a doctor told you that he was totally disabled due to pneumoconiosis?

Claimant: I can't think of the year, honey. He was seeing Dr. C.A. Moore.

Employer's counsel: Was that before you were married?

Claimant: Yes.

Employer's counsel: And you were married in 2009. Do you have any idea how many years before it might have been?

Claimant: Probably four or five years.

Judge Morris: Now, are you guessing or do you know?

Claimant: That's what I'm saying. I don't know. I can't ---

Judge Morris:  It's an important question so ---

Claimant:  No, I can't tell you.  I don't know.  I don't know the date.  It's in Dr. C.A. Moore's records.

Hearing Transcript at 18-20.

The administrative law judge reviewed claimant's statements at the hearing and permissibly found that they were insufficient to rebut the presumption that the miner's 2009 claim was timely filed because they "are equivocal at best," given that claimant repeatedly indicated that she was not sure when the miner was told that he was totally disabled due to pneumoconiosis. Decision and Order at 6;  see Anderson v. Valley Camp of Utah, Inc., 12 BLR 1-111, 1-113 (1989); Worley v. Blue Diamond Coal Co., 12 BLR 1-20, 1-22 (1988).  In addition, contrary to employer's allegation, the administrative law judge did not indicate that the medical determination of total disability due to pneumoconiosis must appear in the record.   Rather, the administrative law judge reviewed the treatment records to determine if they contained the required medical determination, particularly in light of claimant's statement that the determination would be in Dr. Moore's records.  Decision and Order at 6; Hearing Transcript at 20.  The administrative law judge acknowledged employer's concession in its brief that Dr. Moore's March 17, 2003 treatment note diagnosing total disability did not identify pneumoconiosis as a cause of the total disability.  Decision and Order at 6; Employer's Exhibit 15 at 356-59; see also Employer's Post-Hearing Brief at 30.  The administrative law judge found that the only treatment note by Dr. Moore in the record that qualifies as a medical determination of total disability due to pneumoconiosis is dated April 12, 2011, which post-dates the filing of the miner's 2009 claim.[7]   Decision and Order at 6; Employer's Exhibit 16.

Aside from claimant's testimony, which the administrative law judge determined was equivocal, employer has not identified any evidence that the miner received a medical determination of total disability due to pneumoconiosis more than three years prior to filing his claim for benefits.  We therefore affirm the administrative law judge's finding that employer did not rebut the 20 C.F.R. §725.308 presumption that the miner timely filed his 2009 claim for benefits.

---

[7] Dr. Moore stated "I feel that in relationship to his pneumoconiosis, [twenty-two] years of coal mine dust exposure, I feel this [patient] is [one-hundred percent] disabled just [with] his pneumoconiosis." Employer's Exhibit 16.

**B.      Invocation of the Presumption – Qualifying Coal Mine Employment**

To invoke the rebuttable presumption of total disability due to pneumoconiosis at Section 411(c)(4), a miner must establish that he has fifteen years of coal mine employment in an underground mine or in an coal mines other than underground mines in "conditions substantially similar to those in underground mining."    20 C.F.R. §718.305(b)(1)(i).  This requirement is met by establishing that the "miner was regularly exposed to coal-mine dust" while working at an above ground mine.    20 C.F.R. §718.305(b)(2); see Central Ohio Coal Co. v. Director, OWCP [Sterling], 762 F.3d 483, 490-91, 25 BLR 2-633, 2-643 (6th Cir. 2014) (Claimant only needed to establish that he was regularly exposed to coal dust to prove substantially similar conditions between his above-ground and underground mining).

Employer challenges the administrative law judge's application of 20 C.F.R. §718.305(b)(2), asserting that the "regularly exposed to coal-mine dust" standard is "no standard at all" because it is presumed that all miners have been regularly exposed to coal dust pursuant to 20 C.F.R. §725.202(b)(1).[8]    Employer's Brief at 8-9.    We reject employer's argument on its face, as the text of 20 C.F.R. §725.202(b)(1) refers only to coal mine construction or transportation workers.[9]  See Employer's Brief at 8; Director's Exhibit 3.

Employer also asserts that 20 C.F.R. §718.305(b)(2) is invalid because it is not consistent with the United States Court of Appeal for the Seventh Circuit's "substantial similarity" standard, which the Department of Labor (DOL) identified as the source of the revised regulation.  We disagree.  When promulgating 20 C.F.R. §718.305(b)(2), the DOL explicitly stated that the regulation replicated the Director's interpretation of "substantial similarity," as stated in the Seventh Circuit's holding in Director, OWCP v.

---

[8] Employer mistakenly cited to 20 C.F.R. §725.203(b).  Employer's Brief at 8-9. The language employer refers to in its brief appears in 20 C.F.R. §725.202(b).

[9] Employer's general assertions about the validity of 20 C.F.R. §718.305(b)(2) do not meet the two-step analysis contained in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843 (1984), governing invalidation of a regulation promulgated after notice-and-comment rulemaking.  Regulations implementing the Black Lung Act will be upheld if (1) Congress has not directly addressed the issue in the statute and (2) the Director's regulatory interpretation of the statue is reasonable.  Island Creek Kentucky Mining v. Ramage, 737 F.3d 1050, 1058, 25 BLR 2-453, 2-467-68 (6th Cir. 2013).  Employer does not directly address either part of the test but merely argues that the rule is inconsistent with prior case law and with the purpose of the enabling statute. As explained infra, both of these assertions are without merit.

Midland Coal Co. [Leachman], 855 F.2d 509, 512-13 (7th Cir. 1988).[10]  78 Fed. Reg. 59,104 (Sept. 25, 2013).  In addition, the Sixth and Tenth Circuits have recognized that the promulgation of 20 C.F.R. §718.305(b)(2) does not create a change in law, but merely codified the DOL's long-standing interpretation.  Sterling, 762 F.3d at 489-90, 25 BLR at 2-642-43; Antelope Coal Co./Rio Tinto Energy Am. v. Goodin, 743 F.3d 1331, 1343-44, 25 BLR 2-549, 2-564-66 (10th Cir. 2014).  Accordingly, we hold that there is no merit in employer's argument that the regulation at 20 C.F.R. §718.305(b)(2) did not codify the standard adopted by the Seventh Circuit in Leachman.

Employer further alleges that 20 C.F.R. §718.305(b)(2) is contrary to the purpose of the Section 411(c)(4) presumption, maintaining that Congress intended to compensate only those surface miners who are exposed to coal dust that is "no less intense than that in underground mines."  Employer's Brief at 11.  Employer states, without explanation, that the "regularly exposed to coal-mine dust" test in 20 C.F.R. §718.305(b)(2) does not meet this standard.  We reject employer's contention.  As we have discussed supra, the standard is consistent with Seventh Circuit law, expressed in Leachman, which employer agrees is the source of Section 411(c)(4)'s substantial similarity standard.  See Leachman, 855 F.2d at 512.  When codifying the Leachman standard at 20 C.F.R. §718.305(b), the DOL stated:

> [I]t is unnecessary for a claimant to prove anything about dust conditions existing at an underground mine for purposes of invoking the 15-year presumption.  Instead, the claimant need only focus on developing evidence addressing the dust conditions prevailing at the non-underground mine or mines at which the miner worked.  The objective of this evidence is to show that the miner's duties regularly exposed him to coal[-]mine dust, and thus that the miner's work conditions approximated those at an underground mine.

78 Fed. Reg. 59,105 (Sept. 25, 2013) (emphasis added).  Pursuant to 20 C.F.R. §718.305(b)(2), "the conditions in a mine other than an underground mine will be considered 'substantially similar' to those in an underground mine if the claimant demonstrates that the miner was regularly exposed to coal-mine dust while working

---

[10]  In Director, OWCP v. Midland Coal Co. [Leachman], 855 F.2d 509 (7th Cir. 1988), the United States Court of Appeals for the Seventh Circuit, interpreted the originally-enacted Section 411(c)(4), and rejected the argument that surface miners needed to establish the conditions in underground mines in order to prove substantial similarity in surface mines.  The court stated, "[i]n each case the [administrative law judge] will have to weigh the evidence and make a factual finding regarding substantial similarity."  Leachman, 855 F.2d at 513.

8

there." 20 C.F.R. §718.305(b)(2). Thus, contrary to employer's argument, claimant was not required to show the specific level, duration, and frequency of the miner's dust exposure to establish that the conditions of the miner's surface coal mine employment were "substantially similar" to those in underground coal mine employment.

There is also no merit to employer's contention that the administrative law judge erred in finding that the miner "had over fifteen years of qualifying coal mine employment," based on the miner's and claimant's testimony and coal mine employment history forms, as corroborated by Drs. Westerfield and Moore. Decision and Order at 8-9. The administrative law judge's determination was rational in light of the miner's uncontradicted statements that he "had to breathe coal dust [in] all [his] work in the mines," and that he had "to work under some of the worst condition[s] ever." Director's Exhibit 31; see Decision and Order at 8. In addition, as the administrative law judge properly found, his finding is supported by comments in the reports of Drs. Westerfield and Moore[11] that the miner was exposed to dusty conditions, and claimant's testimony regarding the miner's dirty appearance after work.[12] Decision and Order at 9; Employer's Exhibits 8, 16; Hearing Transcript at 11. We therefore affirm the administrative law judge's findings that the miner had at least fifteen years of qualifying coal mine employment and that the presumption of total disability due to pneumoconiosis at Section 411(c)(4) was invoked in the miner's claim.[13] See Big Branch Res., Inc. v. Ogle, 737 F.3d 1063, 1074, 25 BLR 2-431, 2-451 (6th Cir. 2013).

---

[11] Dr. Westerfield reported that the miner "has [an] adequate history of exposure to coal and rock dust from his work in surface mining and at the coal preparation plant to develop pneumoconiosis." Employer's Exhibit 8. Dr. Moore stated that "This [patient] has a [twenty-two] year [history] of mining work. He was an [electrician] and worked on equipment at the mining face as well as away from the mining face. He was exposed to extremely high levels of dust his whole [twenty-two] years of work." Employer's Exhibit 16. Employer argues that the language Dr. Moore used implies that he believed the miner's coal mine employment was underground. However, employer does not offer any evidence to support this assertion.

[12] Claimant testified that when the miner came home from the mines "you could only see the color of his eyes" and that there was dust "all over him." Hearing Transcript at 11. She also stated that "[y]ou'd have to wash [his clothes] several times to even get them clean and they still wouldn't come clean." Id.

[13] Employer also contends that the administrative law judge erred in relying on Muncy v. Elkay Mining Co., 25 BLR 1-21 (2011), to find that claimant satisfied her burden of proof under 20 C.F.R. §718.305(b)(2) because, in contrast to the facts in Muncy, all of the miner's coal mine employment in this case was above-ground. We reject employer's argument. The administrative law judge merely cited Muncy when

9

### C.    Rebuttal of the Presumption – Existence of Legal Pneumoconiosis

Once claimant invokes the Section 411(c)(4) presumption, the burden shifts to employer to rebut by establishing that claimant has neither legal nor clinical pneumoconiosis, or by establishing that "no part of the miner's respiratory or pulmonary total disability was caused by pneumoconiosis as defined in § 718.201." [14]  20 C.F.R. §718.305(d)(1)(i), (ii); see W. Va. CWP Fund v. Bender, 782 F.3d 129, 137, 25 BLR 2-689, 2-699 (4th Cir. 2015); Minich v. Keystone Coal Mining Corp., 25 BLR 1-149, 1-154-46 (2015) (Boggs, J., concurring and dissenting).   In evaluating whether employer rebutted the presumed existence of legal pneumoconiosis,[15] the administrative law judge considered the medical opinions of Drs. Baker, Westerfield, and Zaldivar, all of whom are B readers and Board-certified in internal medicine and pulmonary disease.  Decision and Order at 19; Director's Exhibit 16; Employer's Exhibits 8-13.  The administrative law judge also considered the treatment records authored by Dr. Moore, whose qualifications are not in the record, and the records of the miner's hospitalizations. Decision and Order at 30; Employer's Exhibit 14.

The administrative law judge noted that Drs. Baker, Westerfield, and Zaldivar considered the miner a nonsmoker and that only Drs. Baker and Moore diagnosed legal pneumoconiosis.  Decision and Order at 20.  The administrative law judge found that Dr. Baker's opinion was of "little probative value" because Dr. Baker did not consider what impact, if any, liver cirrhosis and nonalcoholic steatohepatitis (NASH) had on the miner's pulmonary condition.  Id.; Director's Exhibit 16.  The administrative law judge also found that the contrary opinion of Dr. Westerfield "merited little probative value," as he "placed great, and repeated, emphasis on the amount of time that elapsed between the

---

summarizing the case law relevant to establishing substantial similarity between above-ground and underground coal mine employment.  Decision and Order at 7-8.

[14] The administrative law judge determined that employer rebutted the presumed existence of clinical pneumoconiosis based on the x-ray, CT scan, and medical opinion evidence.  Decision and Order at 12-14, 19-20, 23, 30.

[15] Legal pneumoconiosis is defined as "any chronic lung disease or impairment and its sequelae arising out of coal mine employment."  20 C.F.R. §718.201(a)(2).  This definition "includes, but is not limited to, any chronic restrictive or obstructive pulmonary disease arising out of coal mine employment."  Id.  The phrase "arising out of coal mine employment" denotes "any chronic pulmonary disease or respiratory or pulmonary impairment significantly related to, or substantially aggravated by, dust exposure in coal mine employment."  20 C.F.R. §718.201(b).

10

cessation of [the miner's] exposure to coal dust and the development of his respiratory symptoms."[16]  Decision and Order at 20; Employer's Exhibits 8-9, 11, 12.  The administrative law judge determined that Dr. Zaldivar's opinion, attributing the miner's respiratory condition solely to liver cirrhosis and NASH, was entitled to "probative value" based on Dr. Zaldivar's credentials and the fact that Dr. Zaldivar had a complete picture of the miner's condition.  Decision and Order at 20; see Employer's Exhibits 10, 13.  However, the administrative law judge found that the diagnosis of legal pneumoconiosis made by Dr. Moore in his treatment notes was entitled to controlling weight based on his "extensive treatment relationship" with the miner.  Decision and Order at 30.  Consequently, the administrative law judge found that employer did not rebut the presumed existence of legal pneumoconiosis under 20 C.F.R. §718.305(d)(1)(i)(A). Id. at 31.

Employer argues that the administrative law judge erred in discrediting the opinion of Dr. Westerfield on the ground that he excluded coal dust as a contributing cause of the miner's totally disabling impairment because the miner had not been exposed to coal dust for several years.  We reject this contention.  The regulation at 20 C.F.R. §718.201(c) provides that "pneumoconiosis is a latent and progressive disease which may first become detectable only after the cessation of coal mine dust exposure." 20 C.F.R. §718.201(c).  Contrary to employer's contention, the United States Courts of Appeals have held that the latent and progressive nature of the disease applies to both clinical and legal pneumoconiosis.  See, e.g., Cumberland River Coal Co. v. Banks, 690 F.3d 477, 488, 25 BLR 2-135, 2-151 (6th Cir. 2012);, 25 BLR at 2-151; Greene v. King James Coal Mining, Inc., 575 F.3d 628, 637-38, 24 BLR 2-199, 2-216 (6th Cir. 2009);[17] Midland Coal Co. v. Director, OWCP [Shores], 358 F.3d 486, 492, 23 BLR 2-18, 2-29 (7th Cir. 2004).  Moreover, contrary to employer's assertion, the administrative law judge's reliance on Banks was not misplaced simply because Dr. Jarboe's opinion was discredited therein for reasons unrelated to inconsistency with 20 C.F.R. §718.201(c).[18]

---

[16] In the current case, Dr. Westerfield testified that "[i]t would be unusual and it would be unreasonable to even think that someone could depart that occupation and [twenty] years later then have black lung that's responsible to that exposure." Employer's Exhibit 11 at 24.

[17] In Greene v. King James Coal Mining, Inc., 575 F.3d 628, 638, 24 BLR 2-199, 2-216 (6th Cir. 2009), the Sixth Circuit affirmed an administrative law judge's discrediting of Dr. Westerfield's opinion that coal dust exposure could not have contributed to the claimant's respiratory impairment because his symptoms arose only after he stopped working in the coal mines.

[18] In Cumberland River Coal Co. v. Banks, 690 F.3d 477, 488, 25 BLR 2-135, 2-150-51 (6th Cir. 2012), the Sixth Circuit held that the administrative law judge properly

Banks, 690 F.3d at 488, 25 BLR at 2-150-51.    As the administrative law judge
permissibly found, inconsistency with 20 C.F.R. §718.201(c) alone is a sufficient basis to
discredit Dr. Westerfield's opinion.  See Jericol Mining, Inc. v. Napier, 301 F.3d 703,
713-14, 22 BLR 2-537, 2-553 (6th Cir. 2002); Peabody Coal Co. v. Groves, 277 F.3d
829, 836, 22 BLR 2-320, 2-325-26 (6th Cir. 2002), cert. denied, 537 U.S. 1147 (2003);
Decision and Order at 20.  We therefore affirm the administrative law judge's decision to
give less weight to Dr. Westerfield's opinion on the existence of legal pneumoconiosis.
See Banks, 690 F.3d at 488, 25 BLR at 2-151; Greene, 575 F.3d at 637-38, 24 BLR at 2-
216; Decision and Order at 20.

Employer also asserts that the administrative law judge erred in finding that Dr.
Moore's opinion was entitled to controlling weight, when compared to Dr. Zaldivar's
probative opinion.  Employer maintains that the administrative law judge should have
discredited Dr. Moore's opinion based on:  the absence of Dr. Moore's credentials; the
inconsistent statements in Dr. Moore's treatment notes; Dr. Moore's failure to support his
diagnosis of legal pneumoconiosis with citations to the objective evidence; and the
conflicts between Dr. Moore's findings and those of the other treating physicians.
Employer's contentions do not have merit, as the administrative law judge's credibility
findings with respect to Dr. Moore's opinion are rational and supported by substantial
evidence.

When weighing Dr. Moore's opinion, the administrative law judge acknowledged
that the hospitalization and treatment records, with the exception of those prepared by Dr.
Moore, address the miner's liver condition and do not contain any references to legal
pneumoconiosis.    Decision and Order at 29.    The administrative law judge also
acknowledged a treatment note from August 2011 in which Dr. Moore identified pleural
effusion caused by advanced cirrhosis of the liver as the cause of the miner's "multiple
respiratory problems," while omitting pneumoconiosis from the miner's "problem list."
Id., quoting Employer's Exhibit 14 at 93-94.  The administrative law judge further noted
that Dr. Moore did not identify pneumoconiosis as a diagnosis during the miner's final
hospital admission.  Decision and Order at 29, citing Employer's Exhibit 16.

The administrative law judge found, however, that "Dr. Moore made these notes
during acute exacerbations of [the miner's] condition, close to [the miner's] death," while
addressing the miner's legal pneumoconiosis "more directly," in older treatment notes

---

discredited Dr. Jarboe's opinion because he relied on the absence of clinical
pneumoconiosis to exclude a diagnosis of legal pneumoconiosis, and because he cited the
lack of a restrictive impairment as a reason to exclude a contribution from coal dust
exposure despite the fact that legal pneumoconiosis may present as a purely obstructive
impairment.

12

generated during the miner's regular appointments. Decision and Order at 29, citing Employer's Exhibit 16 at 187-88, 203-05, 229-31, 321-22, 471. The administrative law judge further observed that Dr. Moore reported that the miner began having respiratory symptoms in the mid-1990s, which predated the miner's liver failure. Decision and Order at 29. Therefore, the administrative law judge rationally determined that Dr. Moore "possessed an accurate understanding of [the miner's] history of coal mine employment," and that "he has a far more extensive treatment history with [the miner] than any physician who offered a medical opinion in this case," particularly in light of the fact that "Dr. Moore cared for [the miner] in concert with other specialists during those hospitalizations."[19] Decision and Order at 29; see Martin v. Ligon Preparation Co., 400 F.3d 302, 305, 23 BLR 2-261, 2-283 (6th Cir. 2005).

The administrative law judge also permissibly found that Dr. Moore's diagnosis of legal pneumoconiosis was reasoned. Dr. Moore acknowledged the other conditions impacting the miner's respiratory health, yet "specifically link[ed] [the miner's] pulmonary symptoms to pneumoconiosis, demonstrat[ing] that a diagnosis of pneumoconiosis and pulmonary dysfunction due to liver disease and obesity are not mutually exclusive." Decision and Order at 30; see Cornett v. Benham Coal Co., 227 F.3d 569, 577, 22 BLR 2-107, 2-122 (6th Cir. 2000). The administrative law judge therefore permissibly concluded that "the probative value of [Dr. Moore's] opinion is not diminished" by the absence of Dr. Moore's credentials from the record. Decision and Order at 29; see Peabody Coal Co. v. Odom, 342 F.3d 486, 492, 22 BLR 2-612, 2-622 (6th Cir. 2003); Eastover Mining Co. v. Williams, 338 F.3d 501, 513, 22 BLR 2-625, 2-646 (6th Cir. 2003). We thus affirm the administrative law judge's finding that Dr. Moore's opinion outweighed Dr. Zaldivar's contrary opinion, and further affirm the administrative law judge's finding that employer did not rebut the presumed existence of legal pneumoconiosis at 20 C.F.R. §718.305(d)(1)(i)(A). See Napier, 301 F.3d at 713-714, 22 BLR at 2-553; Groves, 277 F.3d at 836, 22 BLR at 2-325-26; Decision and Order at 30-31.

---

[19] Contrary to employer's assertion, the administrative law judge also rationally concluded that Dr. Moore's treatment records supported his listing of pneumoconiosis on the death certificate as a cause of death leading to the miner's immediate cause of death. Jericol Mining, Inc. v. Napier, 301 F.3d 703, 713-14, 22 BLR 2-537, 2-553 (6th Cir. 2002); Peabody Coal Co. v. Groves, 277 F.3d 829, 836, 22 BLR 2-320, 2-325-26 (6th Cir. 2002), cert. denied, 537 U.S. 1147 (2003); Decision and Order at 30. Dr. Moore specifically linked the miner's pulmonary symptoms to pneumoconiosis and opined that a diagnosis of pneumoconiosis and pulmonary dysfunction due to liver disease are not mutually exclusive. Claimant's Exhibit 1; Employer's Exhibit 16.

### D.    Rebuttal of the Presumption – Total Disability Causation

Pursuant to 20 C.F.R. §718.305(d)(1)(ii), the administrative law judge determined that the opinions of Drs. Westerfield and Zaldivar were insufficient to establish rebuttal by showing that the miner was totally disabled due to pneumoconiosis because neither physician diagnosed legal pneumoconiosis, contrary to the administrative law judge's finding. Decision and Order at 32; see Ogle, 737 F.3d at 1070, 25 BLR at 2-444 (6th Cir. 2013); Island Creek Kentucky Mining v. Ramage, 737 F.3d 1050, 25 BLR 2-453 (6th Cir. 2013). Employer does not directly challenge this finding.[20] We therefore affirm the administrative law judge's determination that employer failed to rebut the presumption by establishing that no part of the miner's respiratory or pulmonary total disability was caused by pneumoconiosis under 20 C.F.R. §718.305(d)(1)(ii). See Skrack v. Island Creek Coal Co., 6 BLR 1-710, 1-711 (1983). Consequently, we affirm the administrative law judge's award of benefits in the miner's claim.

---

[20] Employer also reiterates its contentions that the miner's surface coal mine employment was not qualifying coal mine employment for the purpose of invoking the Section 411(c)(4) presumption, and that the administrative law judge erred in failing to address the conflict between Dr. Moore's diagnoses and the diagnoses made by the miner's other treating physicians. Employer maintains that in light of these flaws, the administrative law judge's finding that employer did not establish that no part of the miner's respiratory or pulmonary impairment was due to pneumoconiosis is unsupported, irrational, and contrary to law. However, we reject these challenges for the reasons set forth supra.

14

## II.    The Survivor's Claim

After concluding that the miner was entitled to benefits, the administrative law judge found that claimant satisfied her burden to demonstrate entitlement under Section 422(l) of the Act.[21]  30 U.S.C. §932(l); Decision and Order at 34.  Employer has not separately challenged the award of benefits in the survivor's claim.  Therefore, in light of our affirmance of the award of benefits in the miner's claim, we also affirm the administrative law judge's determination that claimant is derivatively entitled to survivor's benefits pursuant to Section 422(l).  30 U.S.C. §932(l); see Thorne v. Eastover Mining Co., 25 BLR 1-121, 1-126 (2013); Skrack, 6 BLR at 1-711.

---

[21]    To establish entitlement under Section 422(l), claimant must prove: that she filed her claim after January 1, 2005; that she is an eligible survivor of the miner; that her claim was pending on or after March 23, 2010; and that the miner was determined to be eligible to receive benefits at the time of his death.  30 U.S.C. §932(l).

Accordingly, the administrative law judge's Decision and Order Awarding Benefits is affirmed.

SO ORDERED.


BETTY JEAN HALL, Chief
Administrative Appeals Judge


RYAN GILLIGAN
Administrative Appeals Judge


JONATHAN ROLFE
Administrative Appeals Judge

# CERTIFICATE OF SERVICE

2016-0327-BLA Joanna Duncan (o/b/o Raymond Duncan) v. Straight Creek Coal Resources, Zurich American Insurance Group, Director, Office of Workers' Compensation Programs (Case No. 10-BLA-5560)

2016-0328-BLA Joanna Duncan (Widow of Raymond Duncan) v. Straight Creek Coal Resources, Zurich American Insurance Group, Director, Office of Workers' Compensation Programs (Case No. 12-BLA-5573)

I certify that the parties below were served this day.

_04/24/2017_
(DATE)

Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Alexander Franklin Smith
Office of Administrative Law Judges
Techworld Plaza
800 K Street NW
Washington, DC 20001
--Electronic

Joanna Duncan
111 Blakeman Drive
Middlesboro, KY 40965
--Certified

Ann Marie Scarpino, Esq.
U.S. Department of Labor   Office of the Solicitor
Suite N-2119
200 Constitution Avenue, NW
Washington, DC 20210

Maia Fisher
Associate Solicitor, U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, DC 20210
--Electronic

Cheryl L. Intravaia, Esq.
Feirich/Mager/Green/Ryan
2001 West Main Street
P.O. Box 1570
Carbondale, IL 62903
--Certified

Michael Chance
District Director
U.S. Department of Labor
Suite C-3515, NDOL
Washington, DC 20210

Hon. Scott R. Morris
U.S. Department of Labor
Office of Administrative Law Judges
2 Executive Campus, Suite 450
Cherry Hill, NJ 08002

Ms. Heather Lane
Community Health of East TN
130 Independence Lane
LaFollette, TN 37766
--Certified